| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Wipe-Out Logistics, LLC** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF KENTUCKY |
| Case number (if known) | 23-10736 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**Wipe-Out Logistics, LLC**'s Plan of Reorganization, Dated **January 29, 2023**

**Background for Cases Filed Under Subchapter V**

    **A.**    **Description and History of the Debtor's Business**

The Debtor is a Kentucky Limited Liability Company that owns and operates a trucking and transportation business, with the primary place of business in Warren County, Kentucky. The business is wholly owned by Mirnes Muminovic and Mirsada Muminovic, and currently has approximately one (1) W2 employee and twelve (12) 1099 employees. The Debtor was formed on April 11, 2016 and has operated continually since that time.

    **B.**    **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Debtor estimates that **$69,258.35** would be available to unsecured creditors through a chapter 7 liquidation. See liquidation analysis attached to the Plan as Exhibit **A**.

    **C.**    **Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **B**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of **$194,396.31**

The final Plan payment is expected to be paid on **the first day of the 60th month from the Effective Date**.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Wipe-Out Logistics, LLC** (the *Debtor*) from future income.

This Plan provides for:      **0** classes of priority claims;

                              **35** classes of secured claims;

                              **2** class of non-priority unsecured claims; and

                              **1** class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **4** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your**

| Debtor | **Wipe-Out Logistics, LLC** | Case number (*if known*) | 23-10736 |
|---|---|---|---|
| | Name | | |

attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | The secured claim of **First Bank & Trust**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | **Class 2A** | The secured claim of **Independence Bank**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 2B** | The secured claim of **Independence Bank**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | **Class 2C** | The secured claim of **Independence Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | **Class 2D** | The secured claim of **Independence Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | **Class 2E** | The secured claim of **Independence Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.07 | **Class 2F** | The secured claim of **Independence Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.08 | **Class 3** | The secured claim of **Nacarato Trucking,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.09 | **Class 4A** | The secured claim of **TAB Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.10 | **Class 4B** | The secured claim of **TAB Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.11 | **Class 5A** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.12 | **Class 5B** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.13 | **Class 5C** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.14 | **Class 5D** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.15 | **Class 5E** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.16 | **Class 5F** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.17 | **Class 5G** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.18 | **Class 5H** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.19 | **Class 5I** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.20 | **Class 5J** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.21 | **Class 5K** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.22 | **Class 5L** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |

Debtor  **Wipe-Out Logistics, LLC**                                  Case number (*if known*) 23-10736
           Name

| | | |
|---|---|---|
| 2.23 | **Class 5M** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.24 | **Class 5N** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.25 | **Class 5O** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.26 | **Class 5P** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.27 | **Class 5Q** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.28 | **Class 5R** | The secured claim of **Truist Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.29 | **Class 6A** | The secured claim of **Volvo Financial Services,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.30 | **Class 6B** | The secured claim of **Volvo Financial Services,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.31 | **Class 7** | The secured claim of **TD Bank,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.32 | **Class 8** | The secured claim of the **Small Business Administration,** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.33 | **Class 9** | Unsecured tort claims. |
| 2.34 | **Class 10** | All general non-priority unsecured claims allowed under § 502 of the Code. |
| 2.35 | **Class 11** | Equity interests of the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims**<br><br>Projected Administration Fees:<br><br>Sub V Trustee $5,000.00<br><br>Harlin Parker (estimated) $25,000.00 | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.<br><br>Or<br><br>Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid as follows:<br><br>The fees of the Subchapter V Trustee will be paid in-full within 30 days of court approval.<br><br>The fees of Harlin Parker Attorneys shall, upon Court approval, be paid by set-off of amounts held by Harlin Parker in trust, and thereafter at $5,000.00 per month beginning the first day of the 2nd month following the Effective Date. |

| Debtor | Wipe-Out Logistics, LLC | Case number (*if known*) 23-10736 |
|---|---|---|
| | Name | |

| 3.03 | **Priority tax claims** | The Internal Revenue Service ("IRS") filed its Proof of Claim (Claim #10) in the amount of $10,749.13 based primarily on estimated taxes for periods in which returns were not due at the time of filing.  The Debtor disputes the amount claimed by the IRS to the extent that the Debtor and the IRS can agree to the amount due, the Debtor will pay all pre-petition amounts due to the IRS on the Effective Date.  To the extent that the Debtor and the IRS cannot agree to the amount due, the Debtor will file an objection to Claim #10 and will pay the IRS Claim #10 within 30 days of the Court Order establishing the claim amount. |
|---|---|---|
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Secured claim of** First Bank & Trust d/b/a FirstLine Funding Schedule D, item 2.1<br><br>Collateral:<br>Future Receipts | ☐ Impaired<br>☑ Unimpaired | The Class 1 Claim of First Bank & Trust, d/b/a FirstLine Funding is fully secured by outstanding receivables and will continue to be paid according to the terms of the agreement with the Debtor. |
| Class 2A– **Secured claim of** Independence Bank<br>Proof of Claim No. 1, filed 10/10/23<br><br>Collateral:<br>2021 Wabash DVHDHPC (VIN***2203<br>2021 Wabash DVHDHPC (VIN***2204<br>2021 Wabash DVHDHPC (VIN***2205<br>2021 Wabash DVHDHPC (VIN***2206<br><br>Total Claim Amount: $39,752.90<br><br>Collateral Value:  $72,000 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2A Claim by amortizing the balance of $39,752.90 over 36 months at 4.5% interest, making monthly payments of $1,204.68 beginning the first day of the month following the Effective Date. |

Debtor  **Wipe-Out Logistics, LLC**　　　　　　　　　　　　　　　　　Case number (*if known*)  **23-10736**
　　　　Name

| Class 2B– **Secured claim of** Independence Bank<br>Proof of Claim No. 2, filed 10/10/2023<br><br>Collateral:<br>2022 Volvo Semi-Truck<br>VIN***5019<br><br>Total Claim Amount: $67,455.98<br><br>Collateral Value: $65,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2B Claim by amortizing the balance of $67,455.98 over 48 months at 4.95% interest, making monthly payments of $1,586.90 beginning the first day of the month following the Effective Date. |
|---|---|---|
| Class 2C– **Secured claim of** Independence Bank<br>Proof of Claim No. 3, filed 10/10/2023<br><br>Collateral:<br>2022 Vanguard Reefer VIN***4554<br>2022 Vanguard Reefer VIN***4555<br>2022 Vanguard Reefer VIN***4556<br><br>Total Claim Amount: $94,064.38<br><br>Collateral Value: $150,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2C Claim by amortizing the balance of $94,064.38 over 48 months at 4.95% interest, making monthly payments of $2,212.86 beginning the first day of the month following the Effective Date. |
| Class 2D– **Secured claim of** Independence Bank<br>Proof of Claim No. 4, filed 10/10/2023<br><br>Collateral:<br>2015 Peterbilt 579 Sleeper VIN***8795<br><br>Total Claim Amount: $33,980.01 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2D Claim by amortizing the balance of $33,980.01 over 24 months at 4.95% interest, making monthly payments of $1,520.61 beginning the first day of the month following the Effective Date. |

Debtor **Wipe-Out Logistics, LLC**  
Name

Case number (*if known*) **23-10736**

Collateral Value: $60,000.00

| | | |
|---|---|---|
| Class 2E– **Secured claim of** Independence Bank<br>Proof of Claim No. 5, filed 10/10/2023<br><br>Collateral:<br>2020 Freightliner Columbia<br>VIN***6779<br><br>Total Claim Amount: $37,503.59<br><br>Collateral Value: $75,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2E Claim by amortizing the balance of $37,503.59 over 48 months at 6.5% interest, making monthly payments of $913.41 beginning the first day of the month following the Effective Date. |
| Class 2F– **Secured claim of** Independence Bank<br>Proof of Claim No. 6, filed 10/10/2023<br><br>Collateral:<br>2016 Freightliner Conven D6<br>VIN**1678<br><br>Total Claim Amount: $53,329.10<br><br>Collateral Value: $55,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 2F Claim by amortizing the balance of $53,329.10 over 48 months at 7.0% interest, making monthly payments of $1,316.12 beginning the first day of the month following the Effective Date. |
| Class 3- **Secured claim of** Nacarato Trucking<br><br>Proof of Claim 37, filed 1/23/24<br><br>Collateral: (4) 2020 Volvo 760<br><br>Total Claim Amount: $276,784.00<br><br>Collateral Value: $160,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 3 Claim of Nacarato Truck by amortizing the $160,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $3,282.65 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 4A– **Secured claim of** TAB Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 4A Claim by amortizing the balance of $21,513.65 over 60 months at 8.5% interest, making monthly payments of $441.39 |

Debtor **Wipe-Out Logistics, LLC**　　　　　　　　　　　　　　　　　　Case number (*if known*) **23-10736**
　　　　Name

| | | |
|---|---|---|
| Proof of Claim No. 12-1, filed 11/14/23<br><br>Collateral:<br>2022 Stoughton Trailer VIN ***3181<br><br>Total Claim Amount: $21,513.65<br><br>Collateral Value: $22,500.00 | | beginning the first day of the month following the Effective Date. |
| Class 4B– **Secured claim of** TAB Bank<br><br>Proof of Claim 13, filed 11/14/2023<br><br>Collateral:<br>2022 Stoughton Trailer VIN***9086<br><br>Total Claim Amount: $21,099.86<br><br>Collateral Value: $22,500.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 4B Claim by amortizing the balance of $21,099.86 over 60 months at 8.5% interest, making monthly payments of $432.90 beginning the first day of the month following the Effective Date. |
| Class 5A– **Secured claim of** Truist Bank<br><br>Proof of Claim 12, filed 12/12/2023<br><br>Collateral:<br>2022 CIMC Cooler VIN***8199<br><br>Total Claim Amount: $240,012.84<br><br>Collateral Value: $45,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5A Claim by amortizing the $45,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $923.24 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |

Debtor  **Wipe-Out Logistics, LLC**                                           Case number (*if known*) 23-10736
        Name

| Class 5B– **Secured claim of** Truist Bank | ☑ Impaired ☐ Unimpaired | The Debtor will pay the fully secured Class 5B Claim by amortizing the balance of $58,978.92 over 60 months at 8.5% interest, making monthly payments of $1,210.44 beginning the first day of the month following the Effective Date. |
|---|---|---|
| Proof of Claim 16, filed 12/12/2023 Collateral: 2019 Freightliner Coronado VIN***6906 Total Claim Amount: $58,978.92 Collateral Value: $60,000.00 | | |
| Class 5C– **Secured claim of** Truist Bank Proof of Claim 17, filed 12/11/2023 Collateral: 2020 Freightliner Glider VIN***5747 Total Claim Amount: $59,908.49 Collateral Value:  $60,000.00 | ☑ Impaired ☐ Unimpaired | The Debtor will pay the fully secured Class 5C Claim by amortizing the balance of $59,908.49 over 60 months at 8.5% interest, making monthly payments of $1,229.11 beginning the first day of the month following the Effective Date. |
| Class 5D– **Secured claim of** Truist Bank Proof of Claim No. 18, filed 12/11/2023 Collateral: 2019 Hyundai Semi-Trailers VIN***7003, ****7007, ****7009 Total Claim Amount: $104,904.99 Collateral Value: $75,000.00 | ☑ Impaired ☐ Unimpaired | The Debtor will pay the partially secured Class 5D Claim by amortizing the $75,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,538.74 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |

| Debtor | Wipe-Out Logistics, LLC | Case number (*if known*) | 23-10736 |
|---|---|---|---|
| | Name | | |

| Class 5E– **Secured claim of** Truist Bank  Proof of Claim No. 19, filed 12/11/2023  Collateral: 2022 Wabash Duraplate VIN***2229 ***2230  Total Claim Amount: $71,272.94  Collateral Value: $45,000.00 | ☑ Impaired ☐ Unimpaired | The Debtor will pay the partially secured Class 5E Claim by amortizing the $45,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $923.24 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
|---|---|---|
| Class 5F– **Secured claim of** Truist Bank  Proof of Claim No. 20, filed 12/11/2023  Collateral: 2022 Western Star 5700 VIN ****7802 ****6456  Total Claim Amount: $255,733.07  Collateral Value: $160,000.00 | ☑ Impaired ☐ Unimpaired | The Debtor will pay the partially secured Class 5F Claim by amortizing the $160,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $3,282.65 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 5G– **Secured claim of** Truist Bank  Proof of Claim No. 21, filed 12/11/2023  Collateral: 2022 Vanguard Reefer VIN ***8200, ***8201, ***8198, ****8199  Total Claim Amount: $240,012.84  Collateral Value: $200,000.00 | ☑ Impaired ☐ Unimpaired | The Debtor will pay the partially secured Class 5G Claim by amortizing the $200,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $4,103.31 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |

Debtor  **Wipe-Out Logistics, LLC**                                             Case number (*if known*)  23-10736
        Name

| Class 5H– **Secured claim of** Truist Bank<br><br>Proof of Claim No. 22, filed 12/11/2023<br><br>Collateral:<br>2022 CIMC Reefer VIN ***208, ***209<br><br>Total Claim Amount: $53,216.01<br><br>Collateral Value: $80,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the fully secured Class 5H Claim by amortizing the balance of $53,216.01 over 60 months at 8.5% interest, making monthly payments of $1,091.81 beginning the first day of the month following the Effective Date. |
|---|---|---|
| Class 5I– **Secured claim of** Truist Bank<br><br>Proof of Claim No. 23, filed 12/11/2023<br><br>Collateral:<br>2023 Wabash Reefer ****9376,  2022 Vanguard Reef ****8219, 2022 Utility ****7710, ****7709 (2023 Wabash ***2975, ***2974, ***2973, ***2972, ***2971 sold? -not onA/B but on POC)<br><br>Total Claim Amount: $411,626.41<br><br>Collateral Value: $242,500.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5I Claim by amortizing the $242,500.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $4,975.26 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 5J– **Secured claim of** Truist Bank<br><br>Proof of Claim No. 24, filed 12/11/2023<br><br>Collateral:<br>2023 Wabash Trailer VIN***4766, ***4767, ***4768, ***4769<br><br>Total Claim Amount: | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5J Claim by amortizing the $90,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,846.49 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |

| Debtor | Wipe-Out Logistics, LLC | Case number (*if known*) 23-10736 |
|---|---|---|
| | Name | |

$257,523.80

Collateral Value: $90,000.00

---

| Class 5K– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5K Claim by amortizing the $80,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,641.32 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
|---|---|---|

Proof of Claim No. 25, filed 12/11/2023

Collateral:
2020 Freightliner Columbia VIN***1397

Total Claim Amount: $138,950.15

Collateral Value: $80,000.00

---

| Class 5L– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | On the Effective Date of the Plan, the Debtor shall surrender the 2022 Tesla X in satisfaction of Truist Bank's secured claim. Unless Truist files an Amended Proof of Claim within 90 days of the Effective Date, it will be deemed to have a class 10 general unsecured claim of $79,091.51. |
|---|---|---|

Proof of Claim No. 26, filed 12/11/2023

Collateral:
2022 Tesla X VIN***2953

Total Claim Amount: $159,091.51

Collateral Value: $80,000.00

---

| Class 5M– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5M Claim by amortizing the $45,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $923.24 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
|---|---|---|

Proof of Claim 27, filed on 12/11/2023

Collateral:
2021 Utility Reefer VIN***5729, ***5735

Total Claim Amount: $171,138.19

Collateral Value: $45,000.00

---

Debtor  **Wipe-Out Logistics, LLC**  
　　　　Name

Case number (*if known*) 23-10736

---

| Class 5N– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5N Claim by amortizing the $45,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $923.24 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
|---|---|---|
| Proof of Claim No. 28, filed 12/11/2023<br><br>Collateral:<br>2023 Vanguard VXP VIN***2118, ***2119<br><br>Total Claim Amount: $100,400.27<br><br>Collateral Value: $45,000.00 | | |
| Class 5O– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5O Claim by amortizing the $70,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,436.16 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Proof of Claim No. 29, filed 12/11/2023<br><br>Collateral:<br>2023 Volvo 860 VIN***1323<br><br>Total Claim Amount: $182,757.38<br><br>Collateral Value: $70,000.00 | | |
| Class 5P– **Secured claim of** Truist Bank | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5P Claim by amortizing the $70,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,436.16 beginning the first day of the month following the Effective Date. The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Proof of Claim No. 30, filed 12/11/2023<br><br>Collateral:<br>2023 Kenworth T680 VIN***3366<br><br>Total Claim Amount: $195,899.65<br><br>Collateral Value: $70,000.00 | | |

Debtor   **Wipe-Out Logistics, LLC**                                                          Case number (*if known*)  **23-10736**
         Name

| | | |
|---|---|---|
| Class 5Q– **Secured claim of** Truist Bank<br><br>Proof of Claim No. 31, filed 12/11/2023<br><br>Collateral:<br>2022 Volvo 860 VIN***4684,<br>2023 Kenworth W900 VIN***5768, ***5769<br><br>Total Claim Amount: $268,979.52<br><br>Collateral Value:  $65,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5Q Claim by amortizing the $65,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,333.67 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 5R– **Secured claim of** Truist Bank<br><br>Proof of Claim No. 34, filed 12/12/2023<br><br>Collateral:  2022 Volvo VNL660 VIN***4939, ***4938<br><br>Total Claim Amount: $191,337.65<br><br>Collateral Value: $130,000.00<br>$27,896.58 excess collateral, Claim 5B, 5C and 5H =<br><br>$157,896.58 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 5R Claim by amortizing the $157,896.58 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $3,239.49 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 6A– **Secured claim of** Volvo Financial Services<br><br>Proof of Claim No. 32, filed 12/11/2023<br><br>Collateral:<br>2020 Volvo 760 VIN***9449<br><br>Total Claim Amount: $60,258.91 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 6A Claim by amortizing the $40,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $820.66 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |

| Debtor | Wipe-Out Logistics, LLC | Case number (*if known*) | 23-10736 |
|---|---|---|---|
| | Name | | |

Collateral Value:  $40,000.00

| | | |
|---|---|---|
| Class 6B– **Secured claim of** Volvo Financial Services<br><br>Proof of Claim No. 33, filed 12/11/2023<br><br>Collateral:<br>2023 Volvo 860 VIN***1322<br><br>Total Claim Amount: $203,163.37<br><br>Collateral Value: $145,000.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 6B Claim by amortizing the $145,000.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $2,974.60 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 7– **Secured claim of** TD Bank<br><br>Proof of Claim No. 8 Filed 10/17/2023<br><br>Collateral: 2023 GMC Yukon Denali, VIN***7975<br><br>Total Claim Amount: $114,865.01<br><br>Collateral Value:  $80,305.00 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 7 Claim by amortizing the $80,305.00 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $1,647.58 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 8 - **Secured claim of** Small Business Administration<br><br>Proof of Claim No. 7, filed 10/14/23<br><br>Claim Amount: $162,592.28<br><br>Collateral: $12,730.60 | ☑ Impaired<br>☐ Unimpaired | The Debtor will pay the partially secured Class 8 Claim by amortizing the $12,730.60 secured portion of the Claim over 60 months at 8.5% interest, making monthly payments of $261.11 beginning the first day of the month following the Effective Date.  The remaining balance of the claim will be paid as a Class 10 general unsecured claim. |
| Class 9 Anticipated **Tort Claims** | ☑ Impaired<br>☐ Unimpaired | The unsecured Class 9 tort claims stem from motor vehicle accidents between the Claimant and Debtor's insured vehicle.  It is the expectation of the Debtor that |

| Debtor | Wipe-Out Logistics, LLC | Case number (*if known*) | 23-10736 |
|---|---|---|---|
| | Name | | |

| | |
|---|---|
| Crystal Proctor<br>Schedule E/F, Line 3.1<br>Claim: Unknown<br><br>Cynthia and Albert White<br>Schedule E/F, Line 3.2<br>Claim: Unknown<br><br>Delaney Esper<br>Schedule E/F, Line 3.3<br>Claim: Unknown<br><br>Tyreese Furlough<br>Schedule E/F, Line 3.12<br>Claim: Unknown | each claim can be resolved in-full within the limits of Debtor's insurance. Upon the Effective Date, the automatic stay imposed by 11 USC § 362 shall be modified to allow the Claimants to proceed to take any action which may be necessary or desirable to bring the liquidation of their claim to a conclusion, provided, however, that during and upon resolution of the claim, no execution may be had on any judgment or order except to the extent of vehicle insurance coverage.<br><br>To the extent that the Claimants are not willing to accept the available insurance in full satisfaction of their claim, the Claimant shall file a Proof of Claim within 60 days of the Effective Date and, to the extent the claim is allowed, the claim shall be treated as a class 10 unsecured claim. |
| Class 10 **General Unsecured Claims**<br><br>☑ Impaired<br>☐ Unimpaired | Class 10 consists of all allowed pre-petition claims that are not otherwise classified, including those that are secured by liens that do not attach to value or that are not perfected.<br><br>***Treatment of Allowed Class 10 Claims.*** Holders of allowed Class 10 Claims will share *pro rata* in quarterly distributions of $10,500.00, to begin 90 days after Effective Date and concluding five years after the Effective Date. The Debtor projects that there will be 19 such quarterly distributions, for a total dividend to holders of Class 10 Claims of $199,500.00, or approximately 4 cents on the dollar. |

**Fig. 3: Projected Class 10 Claims**

| Claim Holder | Basis for Claim | Allowed Claim |
|---|---|---|
| Nacarato Trucks | Schedule D, Line 2.8 | $116,784.00 |
| Truist Bank | POC 12 | $195,012.84 |
| Truist Bank | POC 18 | $29,904.99 |
| Truist Bank | POC 19 | $26,272.94 |
| Truist Bank | POC 20 | $95,733.07 |
| Truist Bank | POC 21 | $40,012.84 |
| Truist Bank | POC 23 | 169,126.41 |
| Truist Bank | POC 24 | $167,523.80 |

Debtor  **Wipe-Out Logistics, LLC**                                            Case number (*if known*)  23-10736
        Name

| | | |
|---|---|---:|
| Truist Bank | POC 25 | $58,950.15 |
| Truist Bank | POC 26 | $79,091.51 |
| Truist Bank | POC 27 | $126,138.19 |
| Truist Bank | POC 28 | $55,400.27 |
| Truist Bank | POC 29 | $112,757.38 |
| Truist Bank | POC 30 | $125,899.65 |
| Truist Bank | POC 31 | $203,979.52 |
| Truist Bank | POC 34 | $33,441.07 |
| Truist Bank | POC 9 | $1,363.41 |
| Volvo Financial Services | POC 32 | $20,258.91 |
| Volvo Financial Services | POC 33 | $58,163.37 |
| TD Bank | POC 8 | $34,560.01 |
| SBA | POC 7 | $149,861.68 |
| Ryder Truck Rental | POC 11 | $313,577.12 |
| McGriff Insurance | POC 14 | $947.66 |
| McGriff Insurance | POC 15 | $12,937.33 |
| First Financial Bank | POC 35 | $46,756.94 |
| First Financial Bank | POC 36 | $1,023,170.65 |
| FleetOne Holdings | Schedule E/F | $28,615.78 |
| Jack's Produce | Schedule E/F | $11,327.38 |
| Michael Hunt | Schedule E/F | $641,330.50 |
| Midwestern Insurance Alliance LLC | Schedule E/F | $10,415.16 |
| Raymond Nelson Insurance Agency | Schedule E/F | $8,469.80 |
| Road Tracker Transportation | Schedule E/F | $9,912.53 |
| Ryder Truck Rental, Inc. | Schedule E/F | $313,577.12 |
| **TOTAL** | | **$4,321,273.98** |

### Article 5: Allowance and Disallowance of Claims

5.01  **Disputed Claim**    A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  **Delay of distribution on a disputed claim**    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>Lease with Wipe-Out Real estate |
|---|---|---|
|  |  | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 90 days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The Debtor will continue to be operated as a trucking company under the management of its current owners Mirnes and Mirsada Muminovic. The Plan will be funded by the monthly cash flow of the Debtor's operation and all disbursements under the Plan will be made by the Debtor.

### Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |

Debtor  **Wipe-Out Logistics, LLC**  Case number (*if known*) 23-10736
        Name

| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
|---|---|---|
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Kentucky govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Retention of Jurisdiction** | Pursuant to Bankruptcy Code §§ 105(a) and 1142, Debtor requests that the Confirmation Order provide that the Bankruptcy Court retains exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan. |
| 8.08 | **Disbursing Agent** | Regardless of whether the Plan is confirmed under § 1191(a) or (b), the Debtor, and not the Chapter 11 Trustee, shall serve as the disbursing agent, contrary to the presumption contained in § 1194(b) of the Code. |

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

X **/s/ Mirnes Matt Muminovic**            **Mirnes Matt Muminovic**
[Signature of the Plan Proponent]          [Printed name]

X **/s/ Robert C. Chaudoin**               **Robert C. Chaudoin 84351**

Official Form 425A        Plan of Reorganization for a Small Business Under Chapter 11        page 18

Debtor  **Wipe-Out Logistics, LLC**                                           Case number (*if known*)  23-10736
        Name

_____                    _____
[Signature of the Attorney for the Plan             [Printed name]
Proponent]