## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

| | ) | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WIPEOUT LOGISTICS, LLC | ) | CASE NO. 23-10736 |
| | ) | |
| DEBTOR | ) | |
| | ) | |

### STIPULATION AND AGREED ORDER FOR ADEQUATE PROTECTION

This matter came before the Court on January 18, 2024, upon the Motion of Truist Bank, Inc., fka Branch Banking & Trust Company ("Truist Bank"), for an Order terminating the automatic stay under 11 U.S.C. § 362, and for abandonment of the estate's interest pursuant to 11 U.S.C. § 554 (the "Motion") [Docket No. 60], and the Objection to said relief filed by Debtor, Wipeout Logistics, LLC ("Wipeout Logistics") [Docket No. 74]. The Court having entered an Order for Evidentiary Hearing [Docket No. 78], the parties having since reached an agreement to resolve the Motion, and the Court being sufficiently advised in the premises; IT IS HEREBY STIPULATED, AGREED, ORDERED AND ADJUDGED AS FOLLOWS:

1. From approximately 2019 through 2023, Truist Bank and Wipeout Logistics entered into certain loan agreements, whereby Wipeout Logistics borrowed various amounts from Truist Bank. In connection with same, Wipeout Logistics executed numerous promissory notes and security agreements with Trust Bank, copies of which are attached to the Proofs of Claim filed by Truist Bank in the instant bankruptcy proceeding.

2. Pursuant to the terms of the promissory notes Wipeout Logistics agreed, among other things, to make monthly payments on the indebtedness owed to Truist Bank. Furthermore,

pursuant to the terms of security agreements entered into to secure the indebtedness owed, the Debtor granted Truist Bank a security interest in certain personal property, consisting of commercial truck vehicles ("Commercial Vehicles"), to Truist Bank.

3. Truist Bank holds a properly perfected first priority security interest in the Commercial Vehicles described in the Motion and security agreements, plus all attachments, accessions and accessories to, and all proceeds of all of the commercial truck vehicles, including, without limitation, all insurance proceeds and all rental proceeds, accounts and chattel paper arising out of or related to the sale, lease, rental or other disposition thereof (collectively the "Collateral"). A complete listing of the Collateral is detailed in the promissory notes and security agreements attached to the Proofs of Claim filed by Truist Bank, which are incorporated herein by reference.

4. Wipeout Logistics defaulted under the terms of the promissory notes by failing to make payment as due thereunder. The Debtor owes Movant the sums set forth in the Proofs of Claim under the promissory notes, plus interest, late charges and attorneys' fees/costs. In addition, Wipeout Logistics failed to make payments of adequate protection to Truist Bank since the commencement of the instant bankruptcy action.

5. Except as modified by this Stipulation and Agreed Order, repayment of the obligations and indebtedness is governed by the terms and conditions of the loan agreements, instruments and other documents agreements executed and delivered by Wipeout Logistics, and its guarantors, all of which are hereby made a part hereof by this reference.

6. On September 29, 2024, Wipeout Logistics filed a voluntary petition in this Court seeking relief under Chapter 11 of the United States Bankruptcy Code.

7. Truist Bank and Wipeout Logistics desire to enter into this Stipulation and Agreed Order to provide for Wipeout Logistics' use of the Commercial Vehicles on the terms and conditions set forth herein.

8. Except as otherwise specifically provided in this Stipulation, nothing shall be deemed to alter or affect any of the terms of the Loan Documents.

9. Wipeout Logistics stipulates and agrees that: (i) without prior written consent of Truist Bank or order of the Court after notice and a hearing, they will not engage in any use of the Commercial Vehicles other than in the ordinary course of its business; (ii) without prior written consent of Truist Bank or order of the Court after notice and a hearing, they will not sell, lease, hypothecate, or transfer any of the Commercial Vehicles; (iii) they will keep the Commercial Vehicles insured with an insurance carrier and for coverage amounts, as provided in the loan agreements; (iv) they will properly care for the Commercial Vehicles; (v) Wipeout Logistics shall be identified as the insured party relative to the insurance policy covering the Commercial Vehicles, rather than any other party; and (vi) Truist Bank shall be identified as the sole additional loss payee relative to the insurance policy covering the Commercial Vehicles.

10. The provisions of this Stipulation and Agreed Order shall terminate at the option of Truist Bank upon the occurrence of any of the following events: (i) Wipeout Logistics sells, leases, hypothecates or transfers any of the Commercial Vehicles without prior written consent of Truist Bank; (ii) Wipeout Logistics at any time discontinues or is ordered to discontinue the conduct of their business in the ordinary course; (iii) Wipeout Logistics' bankruptcy is converted to a Chapter 7 case under the Bankruptcy Code; (iv) absent the consent or agreement of Truist Bank or a Court

order, the automatic stay provided in 11 U.S.C. § 362 shall be terminated, annulled, modified or conditioned in favor of any other creditor with respect to the Commercial Vehicles; (v) the Court determines after notice and hearing that Wipeout Logistics does not have sufficient cash available to it to continue its business. Upon said termination due to any of the foregoing events or circumstances, Wipeout Logistics shall surrender the Commercial Vehicles to Truist Bank upon demand, unless other arrangements, consented to in writing by Truist Bank, have been made in the interim.

11. In consideration of the agreement of Truist Bank set forth herein, Wipeout Logistics hereby agrees, and IT IS SO ORDERED that:

A. Commencing February 1, 2024, Wipeout Logistics shall make adequate protection payments to Truist Bank in the amount of $37,000.00 (the "Adequate Protection Payment"). Wipeout Logistics shall make the Adequate Protection Payment on the 1st day of each month thereafter, continuing through any Order entered by the Bankruptcy Court herein confirming a Chapter 11 plan of reorganization submitted by the Debtor.

B. It shall be an event of default if any payment due under the terms of this Stipulation and Agreed Order is not received by Truist Bank by its due date, time being of the essence, in full and in good funds.

C. The Order for Evidentiary Hearing entered January 24, 2024 [Document No. 78], is hereby remanded.

12. This Stipulation and Agreed Order is supplemental to and not in lieu of the loan agreements. Truist Bank stipulates and agrees that it will not seek relief from the automatic stay imposed by 11 U.S.C. § 362 so long as Wipeout Logistics is not in default hereunder. Truist Bank

hereby reserves and retains all rights and remedies that it may have at law, in equity, by statute, and in the loan agreements.

13. This Stipulation and Agreed Order shall be binding upon the parties and their respective successors and assigns, including any trustee appointed in this case.

14. This Stipulation and Agreed Order shall not be modified or amended without the consent of the parties in writing or pursuant to an order of the Court after notice and a hearing before the Court, unless such hearing is waived by each of the parties.

15. Nothing contained in this Stipulation and Agreed Order shall preclude Truist Bank from seeking or obtaining recovery on its entire claim or claims, including, but not limited to, all principal, interest, costs, and fees, as part of any sale of the Commercial Vehicles or confirmation of any plan of reorganization. Notwithstanding anything herein to the contrary, nothing contained or referenced in this Stipulation and Agreed Order shall be deemed to constitute a decree, finding, or admission as to: (i) the value of the Commercial Vehicles; (ii) the allowed amount of Truist Bank's respective claims; or (iii) the extent to which the adequate protection payments authorized in this Stipulation and Agreed Order are to be applied to reduce Truist Bank's secured claim to the extent, if any, that the amount of the Truist Bank's respective claims that is ultimately allowed exceeds the value of the collateral securing that claim. For the avoidance of doubt, the rights of all parties in interest in the Chapter 11 Cases with respect to the matters specified in this paragraph are preserved and shall not be affected or prejudiced either by the Court's approval of this Stipulation and Agreed Order or it becoming a final order.

16. The terms and provisions of this Stipulation and Agreed Order shall not be deemed to be or construed as Truist Bank's acceptance of any Chapter 11 plan submitted by the Debtor or any

party in interest to the Chapter 11 case and shall not be in derogation of any other rights possessed by Truist Bank under all applicable provisions of the Bankruptcy Code.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 2, 2024

ORDER TENDERED BY:

/s/ Daniel E. Hitchcock
Daniel E. Hitchcock (KY 88927)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
Telephone: (859) 233-2012
Facsimile: (859) 259-0649
Email: dhitchcock@wyattfirm.com
*Counsel for Truist Bank, Inc.*

/s/ Robert C. Chaudoin                        (signature added with permission)
Robert C. Chaudoin
519. E. 10th Street
P.O. Box 390
Bowling Green, KY 42102-0390
chaudoin@harlinparker.com

*Counsel for Wipeout Logistics, LLC*

Distribution to:

CM/ECF Participants
Parties Listed on Master Service List

101471818.1

6