UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 23-10736 |
| | ) | |
| WIPE-OUT LOGISTICS, LLC | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

## RESPONSE TO TRUIST BANK'S AMENDED RENEWED MOTION FOR RELIEF OF STAY

Comes the Debtor, Wipe-Out Logistics, LLC, by counsel, and for its response to Truist Bank Inc., fka Branch Banking & Trust Company's ("Truist") Amended Renewed Motion for Relief of Stay and Abandonment of Trustee's Interest in Property, states as follows:

In its motion, Truist argues that the Debtor has breached the terms of the March 7, 2024 Order for Relief of Stay (Doc. No. 85), in which the Debtor agreed to pay adequate protection to protect Truist's interest in its collateral. Truist complains that the Debtor has not maintained appropriate insurance on the subject vehicles, and that it has not made the vehicles available to Truist for inspection.

## INSURANCE

The Debtor has maintained insurance on the subject vehicles. The Debtor had previously provided a certificate of insurance to Truist that did not identify each vehicle subject to Truist's security interest. However, the Debtor has now provided updated insurance certificates which identify each and every vehicle

subject to Truist's security interest and identifies Truist as a certificate holder on the policy.

A number of the trucks and trailers are insured through a relationship with Roadtracker Transportation, LLC, because those trucks and trailers are leased by Wipe-Out to Roadtracker Transportation. Roadtracker Transportation is a company solely owned by Sakib Muminovic, father of Mirnes Muminovic, the principal owner of the Debtor. Because of the relationship between Sakib and Mirnes, there is no benefit flowing to Roadtracker Transportation under the lease, and by virtue of the lease agreement, Roadtracker Transportation is able to obtain a superior insurance rate. The lease between the Debtor and Roadtracker transportation has been disclosed on the Debtor's Amended Schedules.

## INSPECTION

The second basis for Truist's motion is based on an allegation that the Debtor has not made the secured vehicles available for inspection.

Counsel for Debtor and counsel for Truist have, for months, been discussing various methods to reach a workable solution to allow Truist to inspect the subject vehicles. On June 12, 2024, the parties reached an agreement for the Debtor to deliver vehicles on a one-by-one basis to a Ritchie Brothers location. Truist made arrangements for Ritchie Brothers to inspect vehicles during the time period June 17 through June 29, 2024.

Beginning June 18, the Debtor began sending vehicles for inspection as their load schedules would allow them to be near to the inspection site. By July 9,

2024, seven trucks and seven trailers had been delivered for inspection, but the Debtor was then told that the site was no longer available for inspection.

There are a total of 10 trucks and 27 trailers that serve as collateral to Truist.  Because these trucks and trailers are, at any time, scattered across the country, it is unreasonable to expect that all could be delivered within a two-week window for inspection.  The Debtor continues to be committed to providing Truist with access to inspect his vehicles, but the Debtor would have to shut down operations to bring all vehicles in for inspection at a central location.  Therefore, the Debtor is amenable to bringing the trucks in as their routes allow and is still committed to providing those inspections.

WHEREFORE, the Debtor respectfully requests the court to override Truist's renewed motion.

This the 11th day of July 2024.

HARLIN PARKER

/s/ Robert C. Chaudoin_____
Robert C. Chaudoin
HARLIN PARKER
519 E. 10th St., P.O. Box 390
Bowling Green, KY 42102
(270) 842-5611
*Counsel for Defendant*